UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MELVIN LLOYD,

       Plaintiff,                           **ORDER**

      v.                                  6:24-CV-06610 EAW

KAVON MYRTHILL, *Case Worker*, et al.,

       Defendants.
_____

      *Pro se* plaintiff Melvin Lloyd ("Plaintiff") commenced this action on October 18, 2024, alleging that defendants Kavon Myrthill, Supervisor of Child Support, Sara L. Valencia, and Chiffon Hart (collectively, "Defendants") took "large sums of money from" Plaintiff, who was "enrolled in the child support program," including the garnishment of Plaintiff's wages for an "additional unidentified child." (Dkt. 1 at 8-9). On April 22, 2025, after Plaintiff had taken no action on his case in over six months, the Court issued an Order to Show Cause, requiring Plaintiff to explain his intention to continue to pursue this action, and the reasons that the Court should not dismiss the case for failure to prosecute. (Dkt. 2 at 2). Plaintiff responded on May 13, 2025, (Dkt. 3); however, the response did not address his failure to prosecute, nor did it explain whether Plaintiff intended to pursue this action. (Dkt. 4 at 1). Accordingly, on May 23, 2025, the Court issued a second Order to Show Cause, again ordering Plaintiff to explain his intention to continue to pursue this action, and the reasons the Court should not dismiss the case for failure to prosecute. The Order

to Show Cause also explained that Plaintiff could request an extension of his time to serve the complaint pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (*Id.* at 3).

Plaintiff responded to the second Order to Show Cause on June 13, 2025.  (Dkt. 5). Plaintiff's response to the latest Order to Show Cause—like his response to the initial Order to Show Cause—does not address Plaintiff's failure to serve his complaint, nor does it request an extension of time to serve the complaint.  Instead, Plaintiff has submitted a voluminous filing that addresses irrelevant and extraneous matters, but fails to address the issues raised by the Court in two separate Orders to Show Cause.

Before dismissing a case under Rule 41(b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotation marks and citation omitted).

Having considered the aforementioned factors, the Court finds that dismissal for failure to prosecute is appropriate in this instance.  Plaintiff has failed on two occasions to comply with the Court's order to explain why he has failed to serve the complaint.  Plaintiff was advised in both Orders to Show Cause that his failure to comply would result in the dismissal of this action.  (*See* Dkt. 2 at 2; Dkt. 4 at 3).  Plaintiff filed his case in October 2024—approximately eight months ago—and the longer Plaintiff continues to delay the proceedings, the longer the named Defendants face the prospect of litigation against them,

and the longer the case will languish before the Court without any action from Plaintiff. The Court has considered other options aside from dismissal, but the proceedings cannot move forward if Plaintiff will not serve the complaint, which he has not done despite receiving clear direction from the Court about what steps he must take to do so. However, given Plaintiff's *pro se* status, and given that his failure to serve the complaint implicates a jurisdictional issue, the Court will dismiss the case without prejudice. *See, e.g., Ashley v. City of New York*, No. 02Civ.3085(LAP)(RLE), 2003 WL 1624215, at *2 (S.D.N.Y. Mar. 25, 2003) (dismissing case without prejudice, where it was over one year since the plaintiff filed his complaint and he still had not served defendants despite being informed that he was required to do so, including because further delay would prejudice the defendants and unnecessarily impact the court's docket).

      Accordingly, the Court dismisses the case without prejudice for failure to prosecute.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

DATED:   July 8, 2025
             Rochester, NY